## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| SAM CARLISLE, | ) |
|              Plaintiff, | ) Case No. _____ |
|     v. | ) |
| | ) **COMPLAINT FOR VIOLATIONS OF** |
| AERPIO PHARMACEUTICALS, INC., | ) **THE FEDERAL SECURITIES LAWS** |
| CALEY CASTELEIN, CHERYL COHEN, | ) |
| ANUPAM DALAL, PRAVIN DUGEL, | ) |
| JOSEPH GARDNER, and STEVEN | ) JURY TRIAL DEMANDED |
| PRELACK, | ) |
|              Defendants. | ) |

Plaintiff Sam Carlisle ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against Aerpio Pharmaceuticals, Inc. ("Aerpio" or the "Company") and the members of Aerpio's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction, pursuant to which Aerpio will merge with Aadi Bioscience, Inc. ("Aadi") through Aerpio's subsidiary Aspen Merger Subsidiary, Inc. ("Merger Subsidiary") (the "Proposed Transaction").[1]

---

[1] Non-party Aadi is a clinical-stage biopharmaceutical company focused on precision therapies for genetically defined cancers with alterations in mTOR pathway genes.  Aadi's lead drug candidate,

2. On May 17, 2021, Aerpio and Aadi jointly announced their entry into an Agreement and Plan of Merger dated May 16, 2021 (the "Merger Agreement"). Under the terms of the Merger Agreement, each share of Aadi common stock will be converted into the right to receive approximately 4.9152 shares of Aerpio's common stock (the "Merger Consideration").

3. On July 8, 2021, Aerpio filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Aerpio stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Aerpio stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated.

---

ABI-009 (FYARROTM, nab-sirolimus), is a form of sirolimus bound to albumin. Sirolimus is a potent inhibitor of the mTOR biological pathway and inhibits downstream signaling from mTOR, that can promote tumor growth. Aadi is evaluating ABI-009 in cancers with known mTOR pathway activation, including tumor agnostic indications targeting specific genomic alterations that activate the mTOR pathway. Non-party Merger Sub is a Delaware corporation and wholly-owned subsidiary of Aerpio.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Aerpio.

10. Defendant Aerpio is a Delaware corporation, with its principal executive offices located at 9987 Carver Road, Suite 420, Cincinnati, Ohio 45242. Aerpio is a biopharmaceutical company focused on developing compounds that activate Tie2 for indications. Aerpio's shares trade on The Nasdaq Capital Market under the ticker symbol "ARPO."

11. Defendant Caley Castelein ("Castelein") has been a director of the Company since March 2017.

12. Defendant Cheryl Cohen ("Cohen") and has been a director of the Company since June 2018.

13. Defendant Anupam Dalal ("Dalal") has been a director of the Company since November 2011.

14. Defendant Pravin Dugel ("Dugel") has been a director of the Company since March 2017.

15. Defendant Joseph Gardner ("Gardner") is President and Principal Executive Officer of the Company, and has been a director since 2011. Defendant Gardner previously served as the Company's Chief Executive Officer ("CEO") from December 2011 until December 2017.

16. Defendant Steven Prelack ("Prelack") has been a director of the Company since March 2017.

17. Defendants identified in paragraphs 11-16 are referred to herein as the "Board" or the "Individual Defendants

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

18. On May 17, 2021, Aerpio and Aadi jointly announced in relevant part:

CINCINNATI and PACIFIC PALISADES, Calif., May 17, 2021 (GLOBE NEWSWIRE) -- Aerpio Pharmaceuticals, Inc. ("Aerpio") (Nasdaq: ARPO), a biopharmaceutical company focused on developing compounds that activate Tie2, and Aadi Bioscience, Inc. ("Aadi"), a privately-held biopharmaceutical company focusing on precision therapies for genetically-defined cancers with alterations in mTOR pathway genes, announced their entry into a definitive merger agreement. Following the proposed merger, Aerpio will change its name to "Aadi Bioscience, Inc." and the combined public company will focus on advancing Aadi's lead product candidate, FYARRO™ (sirolimus albumin-bound nanoparticles for injectable suspension; nab-sirolimus; ABI-009).

In support of the merger, Aerpio has entered into subscription agreements to raise $155 million in a Private Investment in Public Equity (PIPE) financing led by Acuta Capital Partners and KVP Capital and including Avoro Capital Advisors; Avoro Ventures; Venrock Healthcare Capital Partners; BVF Partners, L.P.; Vivo Capital; Alta Bioequities, L.P.; Rock Springs Capital; RTW Investments, LP; Acorn Bioventures; and Serrado Capital LLC as well as other undisclosed institutional investors.

The PIPE financing is expected to be consummated concurrently with the closing of the merger. Proceeds from the PIPE financing are intended to be used for commercialization of FYARRO in advanced malignant PEComa and a planned tumor-agnostic registrational trial in solid tumors harboring inactivating alterations in the mTOR pathway genes TSC1 and TSC2 expected to be initiated by the end of 2021. Aadi's first indication, advanced malignant PEComa, is an ultra-rare sarcoma enriched in TSC1 and TSC2 alterations. Aadi has received Orphan designation, Fast Track designation and Breakthrough Therapy designation from the FDA for FYARRO for the treatment of patients with advanced malignant PEComa. Together with the cash expected from both companies at closing, the net proceeds of the PIPE financing are expected to fund the company into 2024, enabling potential approval and commercial launch in PEComa as well as completion of a registrational trial in tumors harboring TSC1 or TSC2 inactivating alterations.

Caley Castelein, a board member of Aerpio and the proposed chairman of the combined company stated, "Aerpio's board of directors diligently undertook a comprehensive strategic review and has concluded that the proposed transaction with Aadi is in the best interest of our shareholders. We believe Aadi's late-stage development program may offer significant medical benefit to PEComa patients and important potential for patients with tumors harboring TSC1 or TSC2 inactivating alterations."

Dr. Neil Desai, founder and chief executive officer of Aadi, added, "FYARRO met its safety and efficacy endpoints in our study in patients with advanced malignant PEComa2 and this finding supports our approach of targeting mTOR pathway altered cancers with FYARRO. We are excited about the next chapter of growth for Aadi, thankful for the support of our investors, and are energized to continue to develop important new treatment options for our patients."

Anupam Dalal, chief investment officer of Acuta Capital Partners stated, "Together with a group of renowned institutional investors, we are excited to partner with Aadi as it advances FYARRO and strives to unlock the potential of mTOR as a therapeutic target."

Upon closing of the transaction, the combined company will be led by Aadi's chief executive officer, Neil Desai, and headquartered in Los Angeles, California. Aadi's board members Neil Desai and Richard Maroun; Aadi's board observer Karin Hehenberger; and current Aerpio board members Anupam Dalal and Caley Castelein will be members of the board of directors of the combined company. In addition, Behzad Aghazadeh, managing partner of Avoro Capital Advisors and Avoro Ventures, will also join the board of the combined company upon the closing of the transaction.

About the Proposed Transaction

Under the terms of the merger agreement, shareholders of Aadi will receive shares of newly issued Aerpio common stock. On a pro forma basis, shareholders of Aadi will own approximately 66.8% and shareholders of Aerpio will own approximately 33.2% of the combined company upon the closing of the merger, prior to the additional PIPE financing transaction. Following the closing of the concurrent PIPE financing, Aerpio shareholders will own approximately 14.7% of the combined company. The actual allocation is subject to adjustment based on Aerpio's cash balance at the time of closing.

The terms of the merger agreement contemplate that a non-transferable contingent value right (a "CVR") will be distributed to Aerpio shareholders as of immediately prior to the effective time of the merger, entitling CVR holders to receive net proceeds received by Aerpio, if any, associated with Aerpio's legacy assets. The terms and conditions of the CVRs will be pursuant to a CVR Agreement Aerpio will enter into prior to the closing of the merger (the "CVR Agreement").

The merger agreement has been approved by the boards of directors of both companies. The transaction is expected to close in the third quarter of 2021, subject to approval by Aerpio's shareholders, the completion of the PIPE financing, and customary closing conditions. The PIPE financing is expected to close concurrently with, and is conditioned upon, the closing of the merger.

Additional information about the transaction will be provided in a Current Report on Form 8-K that will be filed by Aerpio with the Securities and Exchange Commission ("SEC") and will be available at www.sec.gov.

Ladenburg Thalmann & Co. Inc. is acting as financial advisor to Aerpio for the transaction and Goodwin Procter LLP is serving as its legal counsel. Perella Weinberg Partners LP and Ladenburg & Co. are acting as financial advisors to Aadi for the transaction and Wilson Sonsini Goodrich & Rosati, P.C. is serving as legal counsel to Aadi. Jefferies LLC; Cowen and Company, LLC; and Ladenburg & Co. are acting as placement agents for the PIPE financing.

**The Proxy Statement Contains Material Misstatements and Omissions**

19. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Aerpio's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.

20. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) certain financial projections, relied upon by the Company's financial advisor Ladenburg Thalmann & Co. Inc. ("Ladenburg") in its financial analyses; (b) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Ladenburg; and (c) information concerning a second, unidentified financial advisor that assisted the Company in connection with the process leading to the Proposed Transaction.

*Material Omissions Concerning the Company's Financial Projections and Ladenburg's Financial Analyses*

21. The Proxy Statement fails entirely disclose the Company's financial projections. In addition, the Proxy Statement fails to disclose the line items underlying the unlevered free cash flows for Aadi, as well as the assumptions that went into deriving those forecasts.

22. The Proxy Statement also describes Ladenburg's fairness opinion and the various valuation analyses performed in support of their opinions. However, the description of Ladenburg's fairness opinion and analysis fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Aerpio's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Ladenburg's fairness opinions in determining whether to vote in favor of the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to Aerpio's stockholders.

23. The Proxy Statement fails to disclosed material information concerning Ladenburg's *Discounted Cash Flow Analysis*. Specifically, the Proxy fails to disclose: (a) the line items used to calculate Aadi's unlevered free cash flows; (b) the assumptions underlying the adjustments made to the projections utilized in the analysis, (c) the inputs and assumptions

7

underlying the discount rates ranging from 12.9% to 16.9%; and (iv) the inputs and assumptions used to conclude that Aadi had no terminal value for purposes of the analysis.

24. The Proxy Statement fails to disclose material information concerning Ladenburg's *Analysis of Selected Publicly Traded Companies*. Specifically, the Proxy Statement fails to disclose the individual multiples and metrics that Ladenburg observed for the companies utilized in the analysis.

25. The Proxy Statement fails to disclose material information concerning Ladenburg's *Analysis of Selected Precedent M&A Transactions*. Specifically, the Proxy Statement fails to disclose: (a) the dates on which each of the selected transactions observed closed; and (b) the inputs and assumptions used to determine the enterprise value for the transactions observed.

26. The Proxy Statement also references the fact that the Company retained a "second financial advisor" in connection with the Proposed Transaction. The Proxy Statement not only fails to disclose the identity of this advisor, but also the outcome of any financial analyses performed thereby, and any remuneration paid thereto, as well as any past or current services (and the amount of remuneration) this advisor is providing to any of the parties to the Proposed Transaction.[2]

27. The omission of this information renders the statements in the "Certain Aerpio Management Unaudited Prospective Financial Information" and Opinion of Aerpio's Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of

---

[2] Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

8

the Exchange Act.

28.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Aerpio will be unable to make a sufficiently informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder

29.     Plaintiff repeats all previous allegations as if set forth in full.

30.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

31.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about (a) certain financial projections, (b) the inputs and assumptions underlying Ladenburg's financial analyses; and (c) critical information concerning the Company's "second financial advisor."  The defendants were

at least negligent in filing the Proxy Statement with these materially false and misleading statements.

32.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

33.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

34.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

35.     Plaintiff repeats all previous allegations as if set forth in full.

36.     The Individual Defendants acted as controlling persons of Aerpio within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Aerpio, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

37.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to

and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

38. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

39. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

40. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

41. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Aerpio stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Aerpio, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Aerpio stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 2, 2021  **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*